## WM. T. KNIGHT vs. THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Injury to Traveller from Defective Highway.*

In an action to recover damages for an injury caused by defendant's negligence, although that negligence be proved, yet, when it appears from the plaintiff's own testimony or is established by uncontradicted evidence, that by the exercise of ordinary care he could have seen the danger in time to avoid the injury, it is proper to instruct the jury that the plaintiff's contributory negligence is such in law as bars his right to recover.

A traveller on a public highway is justified in assuming that it is reasonably safe for travel, but he must use ordinary prudence to discover and avoid such defects or obstructions in the road as may cause injury.

Greater watchfulness in this respect is required of the driver of a wagon upon a city street than of a pedestrian on the sidewalk, and what would be negligence in law in the former might not be in the latter.

While plaintiff was driving a wagon upon a city street, one of the wheels fell into a hole in the middle of the road and he was thereby thrown from his seat and sustained the injury, to recover damages for which this action against the city was brought. He testified that he had travelled on this street two or three times a week previously and knew that it was in a bad condition, but had not noticed this hole, although it had been there for several weeks; that there was nothing to obstruct his vision at the time of the accident and the hole could be seen at a distance of half a square. *Held*, that since the plaintiff had failed to exercise the ordinary care required of one using a highway, his contributory negligence is the proximate cause of the injury and he is not entitled to recover.

Appeal from the Superior Court of Baltimore City (PHELPS, J.)

The cause was argued before McSherry, C. J., Fowler, Page, Boyd, Pearce and Schmucker, JJ.

*Carroll T. Bond* (with whom were *Wm. L. Marbury* and *Geo. Weems Williams* on the brief), for the appellant.

It is the duty of the defendant to keep its streets in such condition as to afford free, safe and easy passage over them, and it is liable in damages to any one injured as a result of its failure to fulfill this duty. The evidence in this case does not show indisputably that the plaintiff was guilty of negligence which would bar his recovery. The plaintiff was not negligent, as a matter of law, in having his attention elsewhere than on the pavement ahead of him and so fail to see a defect which was within the range of visibility. *Woods* v. *Boston*, 121 Mass. 337; *Water Co.* v. *Whiting*, 58 Kans. 639; *Thompson* v. *Bridgewater*, 7 Pick. 188; *Fuller* v. *Hyde Park*, 162 Mass. 51; *Van Praag* v. *Gale*, 107 Cal. 438; *City of Nokonies* v. *Salter*, 61 Ill. App. 150; *Butcher* v. *Phila.*, 202 Pa. St. 1.

It is submitted that bearing in mind that the plaintiff was crossing a railroad track and must have looked up and down the track; that he was steering between two wagons and had to look where he was driving and keep from running into the other wagons; that he did not know of this "scooped out" hole in which his wheel was caught; that the evidence does not show that a traveller ignorant of the hole would ordinarily have his attention called to it, notwithstanding he was within its range of visibility, or that even if he had seen a depression he would have been apprised of the danger ahead of him, it would be difficult to say that in not seeing it and avoiding it, he in any respect failed to act as a reasonably prudent man would have acted under the same conditions.

*Albert C. Ritchie* (with whom was *Olin Bryan* on the brief), for the appellee.

A traveller must keep his eyes open and maintain a proper degree of watchfulness. He must look where he is going

If he is injured by falling into an excavation in a street because of his failure to do this, then the condition of the street is not the direct cause of his injury but his own want of care is, and he cannot recover.   A plaintiff who is injured under the circumstances shown in the record of this case is guilty of contributory negligence. *Benton* v. *Phila.*, 198 Pa. St. 396; *Shalcross* v. *Phila.*, 187 Pa. St. 143; *Jejorck* v. *Nanticoke*, 9 Luzerne, Legal Register, 501; *Sutphen* v. *North Hampstead*, 80 Hun. 409; *Phillips* v. *Ritchie Co.*, 31 W. Va., 477; *Pierce* v. *Wilmington*, 2 Marv. 306; *King* v. *Township of Colon*, 125 Mich. 511; *Cloney* v. *City of Kalamazoo*, 124 Mich. 655; *Tasker* v. *Inhabitants of Farmingdale*, 91 Me. 521; *Ison* v. *Saginaw*, 120 Mich. 295; *Horvey* v. *Fisher*, 122 Mich. 42; *Nicholas* v. *Peck*, 20 R. I. 533; 21 R. I. 404; *Whalen* v. *Citzens Gas Co.*, 151 N. Y. 74.

The presumption that public streets are safe has no application when a defect exists which is open and obvious. 15 *Am. & Eng. Ency. of Law*, 466; *Weston* v. *Troy*, 139 N. Y. 281; *City of Spring Valley* v. *Gavin*, 182 Ill. 232.

There is no evidence tending to show that the appellant's attention was diverted in any way so as to relieve him of the obligation of looking where he was going.

PEARCE, J., delivered the opinion of the Court.

This suit was brought by William T. Knight in the Superior Court of Baltimore City against the Mayor and City Council of Baltimore, to recover for personal injuries sustained by him while driving a wagon or truck heavily loaded, upon Eastern avenue in said city where it crosses President street.   The declaration alleges that the highway or street at the point of the accident, had been for a long time badly out of repair, and in an unsafe and dangerous condition, and that while driving thereon, and using due care, the wheels of his wagon were caught in a hole in the street, and he was thrown from his seat into the street, receiving a bad fracture of his right arm and permanently disabling him.

At the close of the plaintiff's case, the defendant declined

to offer any testimony, and offered the following prayer: "The defendant prays the Court to instruct the jury that it appears from the undisputed evidence in this case, that the plaintiff while driving his wagon on Eastern avenue, at its intersection with President street, at the time and place the injuries complained of are alleged to have been sustained, did not exercise reasonable care to avoid the accident, but by his own negligence contributed directly to the injuries whereof he complains, and that the verdict of the jury must therefore be for the defendant."

The plaintiff offered three prayers. The first asked the Court to instruct the jury that it was the duty of the defendant to keep its streets in such good repair as to afford free, safe and easy passage over the same, and that if this duty was neglected, and the plaintiff was injured in consequence thereof, while using due care he was entitled to recover. The second was the usual prayer as to damages, and the third asked the Court to instruct the jury that Eastern avenue and President streets at the place where the accident occurred are public streets of Baltimore City. This prayer was conceded, and the Court granted the defendant's prayer and rejected the plaintiff's first and second prayers. There can be no question that these last would have been correctly granted if the case had been one to be submitted to the jury, but they could not of course be granted, if the case was properly withdrawn from the jury. The only question, therefore, requiring our consideration, is the ruling upon the defendant's prayer, and this requires us to examine all the evidence.

The plaintiff was the principal witness, was examined at much length, and testified with great frankness. His evidence in chief was that he was 37 years old, a driver by occupation, and in the employment of the Thomsen Chemical Company. "That at the time of the accident he had upon his wagon eight barrels of soda, and that while driving east on Eastern avenue, after passing the railroad track on President street which crosses Eastern avenue, one of the wheels dropped down into a hole, and threw him off from the seat of the

wagon, which was quite high from the ground, into the street. That some one picked him up and set him on the sidewalk, washed and tied his head up, and that his injuries consisted of a cut on the head and a broken right arm. That he was driving at a slow dog-trot, and he could not drive too fast because the street was in a very bad condition, and he had a big load on. That the hole was in the middle of the street, right along side of the car track. That the wagon stopped still to pitch him off, and did pitch him off in the street, and as soon as the wagon stopped, the horses went in the collar again and kept on. It stopped about a second, and the jar kind of jerked it back, and they kept on again. That he fell toward the horses heads, and struck the street pretty hard on his head and arm." When asked whether he was familiar with the condition of this street, he replied that he went down it about two or three times a week; that he was never in that hole before and never noticed that particular hole before, and that at the time of the accident, an ice wagon and a barrel wagon were approaching him and met him, one on either side, about two feet distant; that the ice wagon had just passed him, and the barrel wagon was along side of him.

On cross-examination he said he drove over the very place of the accident two days before, but did not notice this hole, and did not know whether it was then there, though it looked like an old hole and as if it had been there three or four months; that it was two or three inches from the track, six inches long, twelve inches wide, and six or seven inches deep; that his wagon was a big two-horse truck, but he could have stopped it in a second, or could have turned it aside quickly; that there was nothing ahead to obstruct his vision and he had a perfectly clear view of the street; that the hole could be seen at a distance of a square or half a square, but that he did not see it until he struck it, and that he did not see it because he was not looking for it; that he had been talking with a companion on the wagon-seat until he fell off, and that the hole was visible to anyone going in the direction he was going, but that he was looking out for his team, and was not looking out for the hole.

Three other persons who witnessed the accident, and were familiar with the locality, testified that the hole had been there from three to five months, that it could be easily seen at a distance of half a block, and variously fixed the size of the hole at from one to two feet in width, from two to five feet in length, and from six to ten inches in depth.

This evidence is abundant to establish gross negligence on the part of the defendant in the discharge of its duty to keep its public streets in such good repair as to afford safe passage over the same, but the testimony of the plaintiff is that of a man who values truth and candor more than a verdict in his favor, and we are constrained to hold that it convincingly shows such contributory negligence on his part as must defeat his recovery.

It is true that one using a highway has a right to assume that it is safe for ordinary travel, and to conduct himself accordingly, and therefore that he is not required to look far ahead for defects which should not exist. 15 *Amer. and Eng. Ency. of Law*, 2nd ed., pp. 416 and 417. But this does not authorize him to close his eyes to open and obvious dangers in the highway, or to pay no attention whatever to the condition of the highway, in which defects *may*, though they *should not*, exist. Still less does it warrant him, when he has previous actual knowledge of the general bad condition of the highway, in failing to keep a watch not only for such defects as he may know and remember, but for others which exist and may not be fixed in his memory.

The test for such an instruction as we are now considering is thus briefly stated in 7 *Amer. and Eng. Ency. of Law*, p. 456. " When the facts are undisputed, and but one inference regarding the care of the plaintiff can be drawn from them, the question is one of law for the Court. But when the facts are disputed, or more than one inference can be fairly drawn from them as to the care, or want of care, of the plaintiff, the question of contributory negligence is for the jury." Or as more fully stated by the Supreme Court of the United States, in *Schofield* v. *Chicago and Milwaukee R. R.*, 114 U. S. 615,

" When the evidence given at the trial, with all the inferences which the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the Court is not bound to submit the case to the jury, but may direct a verdict for the defendant."    Or as expressed by this Court in *State, use of Harvey* v. *B. & O. R. R.*, 69 Md. 344, " Where the facts are undisputed, or where but one reasonable inference can be drawn from them, the question is one of law for the Court ; but where the facts are left by the evidence in dispute, or where fair minds might draw different conclusions from them, the case should go to the jury."

The appellee in his brief seems to have cited all the Maryland cases bearing upon the question, and we have examined them but in none can we find that it appeared, either from the plaintiff's own admissions, or otherwise, that in the exercise of due care he could have seen the defect in time to avoid injury.

In *Pendleton's case*, 15 Md. 12, where the injury was caused by the horse falling in a trench filled with earth and covered with paving stones, the Court said, " There was no evidence going to show, or from which the jury could infer, any want of caution or care on the part of the driver at the time of the accident, but on the contrary the evidence went to prove that the appearance of the place where the trench had been was such as to conceal the danger of any attempt to cross it." In *Elliott on Roads and Streets*, p. 470, note 1, speaking of the presumption that the highway is reasonably safe for travel, the author says that this statement of the law is correct only in a limited sense, since the presumption does not warrant the omission of such care as ordinary prudence requires, and we think this qualification of the rule is a salutary and necessary one.    In *Yahn* v. *City of Ottumwa*, 60 Ia. 429, the plaintiff and his wife were just starting with their team on a street in the city when the wheel struck a stone and the wife was thrown from the wagon and injured. The Court below refused an instruction to the effect that " it was the duty of the plaintiff's hus-

band to use care in driving, and look where he was driving, and to avoid all obstacles which were dangerous in their character, and which were plainly visible and not obscured; and if he failed to do so, and the plaintiff was thereby injured, then she cannot recover." The appellate Court said the instruction should have been given, and said, "When an obstruction is in the street, in plain view of the driver of a vehicle, and his attention is in no manner diverted so as to excuse him for not seeing the obstruction, and he drives against it or into it, he is clearly guilty of contributing proximately to any injury which may result." This case was reviewed in *Matthews* v. *City of Cedar Rapids*, 80 Iowa, 459, and was discriminated from that case in which the plaintiff was walking on a city sidewalk, and while looking at a display of goods in a show window, stepped into an areaway which was under and projected beyond the window. The Court held that in fixing his gaze upon the display of goods in the show window, "the plaintiff was answering the manifest design of their being placed there, and that as placed, they were a standing invitation to passers by to view them," and that when persons are passing along the sidewalks of a city, allowance must be made for their attention being attracted to those things displayed for the very purpose of so attracting it, and that though they may be negligent as a matter of fact in permitting their attention to be thus attracted, the law will not arbitrarily determine them to be so. But the Court was careful to say that "What might, as matter of law, be diligence on a sidewalk would not be in driving a team on a public thoroughfare in a city. Greater watchfulness to avoid accident in the latter case is certainly demanded, and for manifest reasons." Without committing ourselves to the ruling made by the Iowa Court in that case upon the particular instruction under consideration, we concur in its statement that greater watchfulness is required of the driver of a team upon a city street, than of a pedestrian upon the sidewalk, and that what would be negligence in law in the former case might not be in the latter. So in *Wilkins* v. *City of Wilmington*, 2 Marvel, (Del.) 132, it was held that one

who drives into an obstruction while looking in another direction, without any special necessity for so doing, cannot recover. These cases suffice to show the correctness of the statement in *Elliott on Roads and Streets*, *supra*, that the presumption that the highway is reasonably safe for travel must be taken with the qualification that the driver of a vehicle must use such care as ordinary prudence requires. Here the undisputed evidence of the plaintiff shows that he neither exercised the degree of care required of one who knew the general bad condition of the road, nor such ordinary care as is required of one using a highway not known to be unsafe or out of order. The only inference that can be drawn from a careful consideration of all his testimony, by any reasonable mind, is that he exercised no degree of care whatever, and that he either mistakenly supposed he was bound to none, or recklessly omitted to use such as he supposed he was bound to. As was said in *Indianapolis, R. W.* v. *Watson*, 114 Ind. 20, "Where, as here, there is only one witness upon a pivotal point, it is our duty to apply the law to his testimony, and if, under the law, the testimony is not sufficient to sustain a recovery, to so adjudge. Where there is no conflict of testimony the Court must necessarily decide the legal effect of the testimony in the record. * * Where, as here, there is only one witness to a material fact, we must act upon his testimony, and in applying a principle to it we do not weigh the evidence."

*Judgment affirmed, with costs above and below.*

(Decided July 1st, 1903.)