[No. 18725. *En Banc.* June 22, 1925.]

E. M. MERWIN et al., *Respondents,* v. THE CITY OF SPOKANE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (465)—STREETS—DEFECTS—NEGLIGENCE— QUESTION FOR JURY. It is for the jury to determine whether the city was guilty of negligence in maintaining a metallic drain gate to an intake in the gutter near the corner of a curb, eleven and one-half inches high, within the lines of the sidewalk extended, to which the surface of the street inclined, dropping down more rapidly as the drain gate was approached, with a vertical drop of an inch or an inch and a half to the bars of the gate, upon which a pedestrian walking in an ordinary manner tripped and fell.

SAME (440)—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. In such a case, the contributory negligence of the pedestrian was a question for the jury, where it appears that her conduct was nearly like that of an ordinarily prudent person under similar circumstances.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 6, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*J. M. Geraghty* and *Alex M. Winston,* for appellant. *W. C. Donovan* and *T. T. Grant,* for respondents.

MITCHELL, J.—Respondents Merwin brought this action against the city of Spokane to recover for per-

[1] Reported in 236 Pac. 803.

sonal injuries received by Mrs. Merwin in a fall caused by an alleged defective place in one of the streets of the city. Taking the case as made by the respondents at the trial, the city unavailingly moved for a directed verdict and for judgment notwithstanding the verdict. The city has appealed from a judgment upon the verdict against it.

The contention of the city is that there was no proof against it of actionable negligence, and also that, as a matter of law, it appeared that Mrs. Merwin was shown to have been guilty of contributory negligence that barred any recovery.

The accident occurred at 10:30 o'clock in the evening at a curb to a sidewalk and in a street intersection in the business part of the city. Street lights were in operation. The immediate place complained of as defective and at which the accident occurred was a metallic drain gate to an intake in the gutter near the corner of a curb eleven and one-half inches high, within the lines of the sidewalk extended across the street. The surface of the outer margin of the drain gate was about flush with the surface of the gutter next to the curb. The street was paved. The surface of the street inclined towards the drain gate, dropping down progressively and more rapidly as the drain gate was approached. The drain gate was so constructed that, from the surface of its outer rim, there was a further almost vertical drop of an inch and a half to the bars of the gate. Mrs. Merwin was more or less familiar with the place, having passed along there on prior occasions.

At the time of the accident, she and her mother were out walking, as they expressed it. She was wearing what was spoken of as "common sense low heeled shoes." Crossing the street, it was their purpose to

go upon the sidewalk at which the drain gate was situated. Walking along in an ordinary manner and exercising ordinary care and observation, as the jury might well believe from the testimony, as she reached the drain gate, she lost her footing and suffered the injuries complained of. Her own language in describing the accident was as follows:

"Well, when I got to the corner, it was quite a slope, and it shot me right into the drain, and it just snapped my leg right off; it just broke it right off, that is all there was to it, about; it just shot me in there right like that, and just broke it off."

On cross-examination, she further said that it was her left foot that slipped, "it struck on the edge of that drain, just like this (indicating); it shot me this way (indicating), and down that way (indicating), and broke it." Her mother gave practically the same version of the accident, and in speaking of the place where it occurred, said: "Right at the drain; right at the curb and the drain; and she went into the drain as she stepped." While we consider it of no particular importance, it may be mentioned that the street had been very recently washed by the street authorities, of which, however, Mrs. Merwin paid no particular attention until upon her fall the dampness went through her clothing.

This, in substance, is the testimony, and it has thus been given somewhat in detail to obviate the necessity of discussing the several decisions that respective counsel have cited in support of their contentions. The evidence describing the place of the accident, made more perceptible by very clear photographs in evidence, presents a case of alleged negligence on the part of the city that it was the duty and province of the jury to decide; while as to the conduct of Mrs. Merwin,

it appears to have been so nearly like that of an ordinarily prudent person under similar circumstances that it cannot be said, as a matter of law, that she was guilty of contributory negligence.

Affirmed.

All concur.