## MAYOR AND CITY COUNCIL OF BALTIMORE
### ET AL. *v.* JOSHUA A. POE.
[No. 2, October Term, 1931.]

*Decided November 18th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Paul Berman, Assistant City Solicitor,* with whom was *A. Walter Kraus, City Solicitor,* on the brief, for the Mayor and City Council of Baltimore, appellant.

*Edward J. Colgan,* with whom was *Philip S. Ball,* on the brief, for the United Railways and Electric Company, appellant.

*Harry H. Goldberg,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellee recovered a judgment against the appellants for damages from injuries sustained on August 30th, 1929, as a result of alleged negligence of the appellants, causing him to ride his motorcycle into a hole in the street bed adjacent to tracks of the railways company. The place of the accident was stated to be at the crossing of Fort Avenue and Light Street in Baltimore, and the hole was described as twenty inches long, eight inches wide, and eight inches deep.

The municipality was held liable because of its general responsibility for the condition of the streets of the city, and the railways company was held because of its statutory liability to keep in repair the portions of the street beds immediately adjacent to its tracks. Baltimore City Code, 1927, art. 39, sec. 38. It is contended by these defendants on their appeal that there was error in the trial proceedings in a refusal of the court to direct a verdict in their favor because of 'lack of legally sufficient evidence of any negligence on their part, and because of the establishment of contributory negligence on the plaintiff's part, and error in a refusal to grant instructions to the jury pointing out a state of facts which, if found by them, would conclusively establish contributory negligence.

The existence of legally sufficient proof of negligence of the defendants is disputed, first, on the ground that there was no evidence at all of the essential fact that the street at the place designated was a public highway, so that the duties mentioned could be imposed on the defendants. This question of the public character of the streets, raised by the City on appeal, appears not to have been raised at the trial, the case having been clearly tried on the assumption that the streets were public highways, and that the defendants would be under the obligations to repair at the place mentioned if repairs were needed. The evidence does show the ordinary public use of the street by traffic, the presence of traffic lights and a traffic policeman, and the existence of lines of dwellings abutting on Light Street. It would be unfair now, and almost absurd, to disregard the assumption on which the trial proceeded, and return the case for a retrial in order to have explicit testimony given to the same effect. We need not discuss the possible bearing of common knowledge of the age and character of the streets.

Legal sufficiency of the evidence to prove negligence of the defendants was disputed on the further ground that it did not afford proof that the hole had been brought to their notice, or that it had been there during such time that notice might be presumed from it, so that in the exercise of ordinary

care they would have averted the accident by repairs. *Wash., B. & A. R. Co. v. Cross,* 142 Md. 500, 509, 121 A. 374. The plaintiff himself, and a witness called by him, placed the hole at somewhat different spots in the street bed, the plaintiff placing it in the crossing, on the north side, and the witness placing it a little further north, at or above the north building line of Fort Avenue. It seems, however, that both were attempting to place the same hole, and that the recollection of both placed it somewhere about the crossing. And that hole, the plaintiff's testimony was, appeared to have been worn by traffic and had been in the street bed all summer, which would seem to mean two or three months. If the jury believed that testimony they might well, we think, conclude that such a hole, at such a busy crossing, would have come to the notice of the defendants if they had used due care to perform their duties relative to the upkeep of the surface of the streets. *Wash., B. & A. R. Co. v. Cross, supra.* We do not find any error in refusal to direct a verdict because of lack of legally sufficient evidence of negligence on the part of the defendants.

The objection that contributory negligence of the plaintiff himself was established, and that a verdict for the defendants should have been directed because of that fact, is the chief ground of contention. The hole was within the view of the plaintiff for a short time before he rode into it, and this court held in another case that when a similar dangerous condition was within the view of a driver, he was guilty of contributory negligence in driving into it, and could not recover from the city. *Knight v. Baltimore,* 97 Md. 647, 55 A. 388. Because of the visibility of the hole in this case, should a verdict have been directed, as prayed, against the plaintiff? He was riding north on Light Street, and was stopped at the crossing of Fort Avenue by the traffic light. He says he stood behind an automobile ahead of him as he waited to cross. The change of lights, he says, came as a street car was turning from Fort Avenue to go north, as the plaintiff intended to go, and for part of the way across his vision of the bed of the street over which he was to ride was obstructed by

the automobile, about four feet ahead, and the street car. The plaintiff placed the hole outside of the curved track on which the street car was moving, however, and within his, the plaintiff's sight, although below the car. The automobile, which he says was ahead of him, moved around the street car, to pass it, and thus cleared the way for him to see the surface on which his wheels would run. But the plaintiff did not notice the hole until he rode into it. The witness called by him testified that she could see the hole from a second story window south of the crossing. The facts differ from those in the case of *Knight v. Baltimore,* in that Knight was seated on a high wagon, whereas the present plaintiff was riding close to the surface, and Knight had no vehicles in front of him as he approached the hole in the street. The similarity of the two cases remains close, however. But giving all due consideration to the conclusion in the *Knight* case, the court is of opinion in this case that it would be invading the province of the jury to some extent if it should hold that under the traffic conditions described, with the rider's attention held by moving vehicles ahead for a time, and the hole disclosed during only the brief period stated, no motorcycle rider in the plaintiff's situation would, in the exercise of ordinary care, have failed to see and avoid the hole. It may be that none would, but it is not so clearly apparent to us that we can say the fact is beyond reasonable controversy. The defendants offer the additional argument that if the plaintiff rode so close behind an automobile or street car that he could not in good time see the street bed ahead, where his wheels would run, the obstruction to his vision was of his own choosing and due to his own contributory negligence, because not only was there no need of his riding close behind obstructions to his vision, but an ordinarily prudent rider would not have done so. But we are not satisfied that an ordinarily prudent driver would never be so close behind vehicles ahead, when all started up to make a crossing after having been held back by traffic lights. A jury, it seems to us, might consider that the holding back of traffic properly brings some closing up of vehicles and close

running for a short space at the subsequent start, and that in this instance the plaintiff was not guilty of lack of ordinary care in being where he puts himself by his testimony. On the whole, we are of opinion that it could not be said that, because of the clear establishment of the fact of contributory negligence, there could be no recovery, and that the prayers for direction of a verdict on that ground should have been granted.

The defendants submitted a group of prayers for instruction of the jury, in case a verdict should not be directed as prayed, to the effect that, if the jury found that there was, in fact, no automobile and no street car in front of the plaintiff to obstruct his vision, and thus his view was unobstructed and his attention not diverted from the hole in front of him, then he would have been guilty of contributory negligence, as was the driver in *Knight v. Baltimore*. There was testimony from which the jury might have found that no street car was there and no automobile, and, on cross-examination of the plaintiff, a statement made by him to his employer previous to the suit was produced and appeared to have included no mention of the presence of any street car or automobile, as now testified. The prayers were refused, and the refusal is urged as reversible error. The jury were instructed on other prayers that, if they found that the hole was clearly visible to the plaintiff, and that he could have avoided it by the exercise of ordinary care, the verdict should be for the defendants; and that was a full and, we think, a sufficient instruction on the law governing that branch of the case. What the defendants asked in their rejected prayers was that the court should go further and declare that, in weighing the facts by this test, the jury must, if they found no street car and no automobile to have been present, conclude that the visibility of the hole and power to avoid it were established, and they should render their verdict for the defendants because of contributory negligence preventing recovery. It may be not improper in some cases for the court to specify possible details of an accident which would establish the ultimate facts and vary the finding of the jury one

way or the other. *Kaufman Beef Co. v. Railways Co.,* 135 Md. 524, 527, 109 A. 191. But it is not improper to refuse to do so when the case is sent to the jury with such a general and sufficient statement as that just described, on the effect of a finding of the ultimate fact; that is, in this instance, the fact of the ability of a careful man to see and avoid the danger. We find no error in the refusal of the more particular instructions on the absence of a car and an automobile.

*Judgment affirmed, with costs to the appellee.*