BENJAMIN ET AL. *v.* MAYOR AND CITY COUNCIL
OF BALTIMORE

[No. 79, October Term, 1956.]

*Decided January 9, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Richard C. Murray,* for appellant.

*Paul A. Dorf, Assistant City Solicitor of Baltimore,* with whom was *Thomas N. Biddison, City Solicitor,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment N. O. V. in favor of the appellee, Mayor and City Council of Baltimore, in a suit for injuries caused by stepping into a hole in the street.

The appellant, Theodore Benjamin, the only witness, testified that at the time of the accident on October 26, 1951, he was employed by the H. Lee Hoffman Advertising Company at Charles and 22nd Streets in Baltimore. His duties were to clean up and run errands. On that date he had loaded a two wheel wire basket cart with packages which were as high as his waist and extended over the cart's sides. The cart could be pushed from the side or from the front depending on the load. Morton Street, a public street of Baltimore City, which is really an alley without sidewalks, is located between the rears of buildings abutting on both sides of it, and runs parallel to Charles Street. At the time of the accident there were cars parked along both sides of Morton Street. Benjamin testified that he left his place of employment by way of Morton Street to deliver the parcels and packages to the post office. He was pushing the two wheel wire basket cart in front of him. While so proceeding he heard an automobile horn sound behind him. He turned to look to see where the noise came from and who was blowing the horn. It came from a parked car. At that time he said he stepped into a hole "maybe, eight — or seven inches deep and maybe, seven — maybe, eight inches square. I never did measure it, you see, but that is about as near as I can come to it." He said he was accustomed to going either to North Avenue, St. Paul Street, or main post offices from time to time on business errands and that he had traveled down Morton Street quite a few times a week, practically every week, sometimes twice a day, and he was accustomed to traveling it every day. He noticed the hole in the street "maybe a week or a week and a half" before the accident. He had been

walking around it all the time. He stated: "On this day I hadn't been looking for it but the car blew its horn at the time from behind me and so at that time that I stepped into it. If it hadn't been for the horn behind me maybe I would have seen it this time. I had been looking out for it all the time before."

The suit had been entered against the Mayor and City Council of Baltimore. After testimony was taken appellant filed a motion for a directed verdict. The trial judge reserved a decision on that motion, and submitted the case to the jury which brought in a verdict for the appellant. The appellee then filed a motion for a judgment N. O. V. which was granted on the ground of contributory negligence of the plaintiff, appellant, as a matter of law. From that judgment appellant appeals. The accident, occurring on October 26, 1951, and suit not having been filed until April 28, 1953, at the time of the trial there was no further testimony as to the condition of the hole at the time of the accident or as to how long the hole had been there.

In *Knight v. Baltimore City*, 97 Md. 647, 55 A. 388, relied on by the appellee, the plaintiff, a driver by occupation, thirty-seven years of age, had placed upon his wagon eight barrels of soda. While driving on Eastern Avenue in Baltimore one of the wheels dropped into a hole in the middle of the street alongside of the car tracks, and threw him from the seat of the wagon. He was not driving fast. When asked whether he was familiar with the condition of the street, he replied that he went down it about two or three times a week; that he had never been in or noticed that particular hole before; that at the time of the accident an icewagon and a barrel wagon were approaching and met him on either side about two feet distant. On cross-examination he stated that he had driven over the very place of the accident two days before; that he did not know whether the hole was there then, although it looked like an old hole as if it had been there three or four months. It was two or three inches from the car tracks, six inches long, twelve inches wide, and six or seven inches deep. He had a clear view of the street; the hole could be seen at a distance of a block or half a block; and he did not see it until he struck it because he was not looking for it. He had

been talking with a companion on the wagon seat at the time. The hole was visible to anyone going in the direction he was going, but he was looking out for his team and not for the hole. Three other persons testified that the hole had been there for three to five months, could be easily seen at a distance of half a block, and fixed the size of from one to two feet in width, from two to five feet in length and six to ten inches in depth. This Court held that the evidence was abundantly clear to establish gross negligence on the part of the City. Also that the undisputed evidence of the plaintiff showed that he neither exercised the degree of care required of one who knew the general bad condition of the road, nor such ordinary care as is required of one using a highway not known to be unsafe or out of order, and that the only inference that could be drawn from all of his testimony by any reasonable mind was that he exercised no degree of care whatever. The judgment was affirmed for the defendant on the ground of contributory negligence of the plaintiff as a matter of law.

In *Burns v. Baltimore,* 138 Md. 582, 115 A. 111, strongly relied on by the appellee, the plaintiff, Mrs. Burns, lived on Holbrook Street in Baltimore where she had lived for about three months. The street was very narrow and the footways for pedestrians on either side were of brick. It had rained on the morning of the day the accident occurred but had cleared off, although the sidewalk was not entirely dry. On the opposite side of Holbrook Street, No. 1327, lived Mrs. Wyman, the aunt of the plaintiff, who, desiring to reenter her own home, called across the street to Mrs. Burns to let her have the key. Mrs. Burns got the key and started across the street toward Mrs. Wyman. There was a hole in the sidewalk in front of No. 1313 and, according to plaintiff's testimony, her eyes were directed toward Mrs. Wyman to whom she was carrying the key. The hole was caused by a number of the bricks of the sidewalk having become broken or misplaced, and upon these Mrs. Burns stumbled.and fell. The defect in the sidewalk had existed for three months or more. The plaintiff had been traveling up and down Holbrook Street for about three months, had seen this hole frequently and,

therefore, had knowledge of its existence. The trial judge instructed a verdict for the defendant, Baltimore City, on the ground of contributory negligence of the plaintiff. This Court held that, as the defect in the sidewalk had been in existence for such a long time, the city at least had constructive notice of it. The Court concluded: "In the view of the majority of the court, the long continued defect in the sidewalk and the full knowledge of the plaintiff of the condition, and with nothing to qualify in this regard the testimony of the plaintiff, there was nothing left for the jury to find upon this point, and the court upon the subject of contributory negligence was correct, and the judgment appealed from must be affirmed."

In *Neely v. Brewer,* 194 Md. 691, 71 A. 2d 872, part of a scaffolding had been placed in a passageway between plaintiff's and defendant's houses a day before the injury. Plaintiff knew that the scaffolding was there and ran into the dark passageway in the early morning hours, without looking to see whether the scaffolding was still there, and struck it and was injured. This Court held that she was guilty of contributory negligence as a matter of law because she had no reason to think that the scaffolding had been removed overnight, and no right to act blindly on that assumption. In *Barnes v. Sowden,* 119 Pa. 53, 12 A. 804, 806, relied on and cited by the appellee, the plaintiff, during daylight, walked down a sidewalk in full view of a bank of earth, three or four feet high and extending almost to the house line, which had been thrown up from a trench excavated across the sidewalk by the defendant. Plaintiff walked around it safely but became interested in some goods displayed in a window, stepped backward and fell into the trench. It was there held that she was guilty of contributory negligence as a matter of law. The Court said: "It is not always an agreeable duty to take a case from the jury. The situation of a party may enlist our sympathy to such an extent as to make the duty distasteful even when it is apparent; but, if a judge fails in a case like the present to meet his responsibilities fully and fairly, the jury are almost certain to follow his example. The result may be that a defendant is compelled to pay for the folly of the plaintiff, for no better reason than that he is able to pay and

the plaintiff needs the money. True kindness, even to impecunious and unfortunate suitors, requires an impartial and uniform application of legal rules in the trial of causes. This case is one in which a binding instruction should have been given. The plaintiff came in open daylight down the walk in full view of an obstruction three or four feet high, stretching across the pavement almost to the house line. She could not fail to see it. She went around it safely, became interested in some goods displayed in a window, and backed into the trench. A clearer case of contributory negligence it would be hard to find." In *Allshouse v. Borough of Wilkinsburg,* 343 Pa. 323, 22 A. 2d 756, plaintiff, pedestrian, on a bright, clear day tripped over the edge of a section of concrete sidewalk which was raised approximately two and one-half inches above the section adjoining it. There was nothing to conceal the irregularities, but the plaintiff testified that he did not see them because the two sections of sidewalk were of the same color and because he was hurrying, and was part of the time engaged in making observations of traffic conditions along that street. The Court held that the plaintiff was guilty of contributory negligence as a matter of law.

In *County Commissioners of Prince George's County v. Burgess,* 61 Md. 29, 33, relied on by the appellant, a person traveling on the public road knew that a bridge had a hole in it and it was in an unsafe condition. On the morning of the date of the accident he crossed the ford by the side of the bridge instead of crossing it. Late in the evening, when returning, not knowing the condition of the water, he did not cross the ford but attempted to cross the bridge and in so doing injured his horse. The Court said: "In this case it does not appear from the proof, that the bridge was wholly impassable. It was unsafe, and had a hole in it, into which the appellee's horse fell, and was injured. The simple fact of its existence, with the knowledge of the plaintiff, was not sufficient to bar recovery. It should appear that the hole rendered the bridge practically impassable to effect a bar because of knowledge. The hole might possibly have been avoided with ordinary care in driving; and the knowledge of its existence ought to have prevented carelessness on the part of the

plaintiff, and naturally would have induced care on his part; but the *onus* of showing, that such care and prudence was not exercised still rested on the defendants." The Court held that a verdict should not have been instructed for the defendant. In *Commissioners of Delmar v. Venables,* 125 Md. 471, 94 A. 89, relied on by the appellant, the plaintiff, while riding on the top of a load of fodder where he could not see the surface of the street, was injured on November 22, 1913, by the overturning of his wagon which had been driven over a small stump of a tree that had been left projecting from the bed of the street. He had seen the stump in April or May of 1913 but the evidence did not disclose that he afterwards saw it. This Court held that the plaintiff might well have thought that, in the six months since he had seen it, it had been removed and, therefore, he was not guilty of contributory negligence as a matter of law. In the instant case the plaintiff knew of the existence of the hole up to the time he was injured. In *Vannort v. Commissioners of Chestertown,* 132 Md. 685, 104 A. 113, upon which the appellant strongly relies, the plaintiff had known for two or three weeks that the hole was in the street. The plaintiff, eighty-one years of age, on the evening of December 13, 1916, after dark, the street not being lighted, and the opening covered by snow, fell in the hole. He testified that he thought the Commissioners by that time had repaired the sidewalk. This Court held that the plaintiff was not guilty of contributory negligence as a matter of law. In the instant case the hole was plainly visible. It was daylight and plaintiff knew of the existence of the hole at the time of the injury.

In *Tri-State Eng. Co. v. Graham,* 158 Md. 328, 332, 148 A. 439, relied on by the appellant, the plaintiff, while driving on a state road, was injured by reason of an excavation made in the course of reconstructing that road. The fact that he had three days before driven over the road in the course of reconstruction, the record not disclosing that he was familiar with the road or work done, the Court held that he was not guilty of contributory negligence as a matter of law. The Court there said: "It is true that the plaintiff traveled over this road in the opposite direction three days before the ac-

cident, but, other than this, the record does not disclose that he was familiar with the road or the work being done in the construction of the shoulders. Every year there is a great quantity of this kind of construction going on throughout the state; and people in automobiles can traverse hundreds of miles in one day. In our opinion, to hold that every person, who has had an opportunity to observe a state road under repair or reconstruction while driving over the same, should three days thereafter be chargeable with knowledge that a given portion of road is under construction, and that when injury results under such conditions such person is guilty of contributory negligence, would be placing too great a burden upon the traveling public, and one which it should not be required to assume. Certainly it could not be said to be contributory negligence as a matter of law." In *Baltimore v. Poe,* 161 Md. 334, 338, 156 A. 888, relied on by the appellant, the hole, twenty inches long, eight inches wide and eight inches deep, in the street had existed for two or three months. The plaintiff, riding a motorcycle, stopped at a crossing for a traffic light and stood behind an automobile ahead of him as he waited to cross. The change of light came as a streetcar was turning from the crossing to go in the same direction as the plaintiff intended to go. His vision of the bed of the street was obstructed for part of the way across by the automobile, about four feet ahead, and the streetcar. Plaintiff did not notice the hole until he rode into it, although it was visible from a second story window south of the crossing. The Court distinguished that case from the *Knight* case, *supra,* and held that it would be invading the province of the jury to some extent if it should hold that, under the traffic conditions described, with the rider's attention held by moving vehicles ahead of him, and the hole disclosed only during the brief period stated, the plaintiff was guilty of contributory negligence as a matter of law. Chief Judge Bond there said: "The facts differ from those in the case of *Knight v. Baltimore,* in that Knight was seated on a high wagon, whereas the present plaintiff was riding close to the surface, and Knight had no vehicles in front of him as he approached the hole in the street. The similarity of the two cases remains close, however." In *City of Carlisle*

*v. Secrest,* 25 Ky. Law Rep. 336, 75 S. W. 268, the plaintiff knew in a general way of the existence of the defect in the sidewalk and fell on a dark night. It was held that contributory negligence was a question for the jury. See also *Merwin v. City of Spokane,* 135 Wash. 88, 236 P. 803. In the instant case the hole was plainly visible.

Judge Manley, in granting the judgment N. O. V. here, relied also on the case of *Janie Bell v. Mayor & City Council of Baltimore,* tried before Judge Tucker and a jury in the Superior Court of Baltimore City in October, 1948, a *nisi prius* case not appealed to this Court. The plaintiff was injured as a result of a fall in the street and gave as her excuse for not seeing the hole that her attention had been distracted by the lights of a car approaching in back of her. Judge Tucker, in ruling that the plaintiff was guilty of contributory negligence as a matter of law, pointed out that there was really no more emergency in that case than in the *Burns* case, *supra.* Judge Manley stated in part as follows: "The plaintiff, in an effort to excuse his failure to see the hole in the bed of the street, states that he was distracted by the sound of an automobile horn, and that he turned to see whether the presence of the automobile created any danger to him. He evidently continued on his journey on a street which he knew was defective, and did not make any effort to avoid the large hole which he had previously observed. The case in this respect is strikingly similar to the facts in the *Burns* case, and also *Janie Bell v. Mayor & City Council of Baltimore* (cited in defendant's Memorandum), in the Superior Court of Baltimore City, in which His Honor Judge Tucker directed a verdict for the defendant in October, 1948. For the reason that it appears from the plaintiff's testimony that he was guilty of negligence directly contributing to the happening of the accident, the defendant's motion for a directed verdict should have been granted, and I have decided to enter a Judgment N. O. V. in favor of the defendant."

Here, the appellant knew of the hole in the street up until the time he fell into it. He walked down the middle of this street, pushing ahead of him a cart, which partially obstructed his view of the street. His case depends primarily on the

diversion which caused him to ignore the hole. In *Burns v. Baltimore, supra,* it was held that the call from Mrs. Wyman to Mrs. Burns was not sufficient to excuse her from contributory negligence as a matter of law in falling in the hole. In *Knight v. Baltimore City, supra,* the fact that the driver of the wagon was talking to his companion on the wagon seat at the time was held not to be a sufficient diversion. If the mere sounding of an automobile horn from a parked car on a city street is sufficient diversion to excuse a pedestrian pushing a cart down the middle of that public street from negligence in stepping into a hole which he knew was there, practically anything happening out of the ordinary would excuse negligence in stepping into such a hole. To so hold would place a burden on a municipality which would be entirely unreasonable. Assuming, without deciding, that the City was negligent in not repairing the hole, we are therefore of opinion that the plaintiff, appellant, was guilty of contributory negligence as a matter of law. The judgment will be affirmed.

*Judgment affirmed, with costs.*