## THE COUNTY COMMISSIONERS OF CHARLES COUNTY *vs.* NICHOLAS H. MANDANYOHL.

*Liability of County Commissioners for Injury Caused by Defective Condition of Highway—Instructions to the Jury—Failure to Enter Joinder of Issue on Plea Before Trial.*

While driving at night along a country road with which he was well acquainted, one wheel of plaintiff's vehicle went down into a deep hole, and plaintiff was subsequently injured by stepping into it. The road was not impassable so that injury would necessarily result from an attempt to use it. Plaintiff had several weeks before notified one of the defendants of the dangerous condition of the highway at this point. In an action to recover damages, *Held*,

1st. That the evidence was legally sufficient to show that the defendants had negligently suffered the road to remain out of repair.

2nd. That the jury was properly instructed that if the plaintiff, while using reasonable care in travelling on the road, was injured in consequence of defendant's failure to keep the road in such good repair as to afford safe passage, then plaintiff is entitled to recover.

3rd. That it is no defense that plaintiff could have used another convenient route which was safer.

The failure to enter a joinder of issue upon defendant's plea is not a sufficient ground for a motion in arrest of judgment after a verdict for the plaintiff, or to strike out a judgment on the verdict, when the defendant has suffered no injury by the omission to make such entry and both parties proceeded to the trial upon the single issue presented by the plea.

Appeal from the Circuit Court for Charles County (CRANE and MERRICK, JJ.) There was a verdict for the plaintiff for $500.

*Plaintiff's 4th Prayer.*—That it is the duty of the defendant to keep the public roads of Charles County in such good repair as to afford free, safe and easy passage over the same; and if the jury believe that the defendants failed in the performance of the aforesaid duty, and the plaintiff while travelling on said road, and using reasonable care, was injured, then he is entitled to recover in this action.

Which prayer was granted, with the modification of insert-

ing the words "in consequence, thereof," between the word "plaintiff" and the words "While travelling on said road."

*Defendant's 5th Prayer.*—The jury are instructed that previous knowledge by the plaintiff of the dangerous character of the road as alleged, opportunity for avoiding the danger by another convenient route or routes known, or from the evidence reasonably believed to be known to him, and intoxication upon his part, are, to the extent that they are found to have existed at the time of the accident, proper matters to be considered by the jury in determining whether or not there was negligence or want of care on the part of the plaintiff directly causing or contributing to the cause of the injury complained of.

Which prayer was granted, with the modification by the Court of striking out the words "Opportunity for avoiding the danger by another convenient route or routes known or from the evidence reasonably believed to be known to him."

*Defendant's 6th Prayer.*—The jury are instructed that a traveller upon a highway has a legal right to go upon adjoining land to avoid injury if passage along the highway be impracticable or dangerous.   (*Rejected.*)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Sydney E. Mudd* for the appellants, submitted the cause on his brief.

*John H. Mitchell* and *Adrian Posey,* for the appellee.

JONES, J., delivered the opinion of the Court.

This case is before the Court upon appeal from the Circuit Court for Charles County where it originated in an action on the case brought by the appellee against the appellant for negligently permitting a certain public road of said county to be out of repair whereby the appellee while using the same and using due care was injured by having his leg broken. The defendants pleaded "that they did not commit the wrong alleged."

The evidence showed, that the plaintiff was a resident of Charles County; that on the 25th of February, 1898, about 9 o'clock at night when returning from a funeral and driving at a moderate gait over a public road leading from Rock Point by La Plata in said county, he drove into a hole, which the plaintiff characterized in his testimony as " a very dangerous hole," and to use his language " it started to throw me out and I caught myself and it threw the pipe out of my mouth" when the wheel went down in the hole; that he got out to pick up his pipe and could not find it; he lighted a match and looked around for his pipe and could not find it; the match went out and he made another step, and as he did so he stepped down into this hole and broke his leg; that it was very dark; that the plaintiff knew the hole was there; that he had travelled over the road frequently; that there were two holes there—sixteen feet apart—one a deep sudden hole, full of water; that a person passing over this road in the day time had to use care " in order to get between these holes; " that both were deep holes; that it was necessary to pass between them to get up the road at all; that the plaintiff had called the attention of one of the County Commissioners to these holes being in the road in November previous to the accident, and they had been in the road for " all of a month before; " that they were not attended to previous to the accident to the plaintiff; that plaintiff lived about two miles from the place of accident and travelled the road about twice a week; that the roads were very bad and very muddy; that the plaintiff had been over this road the day before and passed over it about four times a week; had passed over it in the night time but seldom. There was evidence that the plaintiff had been drinking and some evidence that he was intoxicated. In addition to what the plaintiff testified to, as to the dangerous character of the place of accident, there was further testimony that the road in question was " so bad that it was dangerous; " and that it was difficult in passing over the road to keep out of the hole in the day time. Opposed to this there was testimony that there was plenty of room for any one who knew the place

of the accident to pass.    There was also testimony that persons travelling on this road could avoid passing the holes at the place of accident by leaving the public road just at the place of accident and going through what was spoken of as Kelly's lot; but that there was a ditch to cross, of, according to one witness, eighteen inches or two feet, and according to another, of six inches.

It is believed that in substance the foregoing is all of the testimony that it will be necessary to notice.    There was testimony going to show the extent and character of plaintiff's injuries but the controversy in the case is not in regard to that. At the conclusion of the testimony the plaintiff's counsel submitted six prayers of which the trial court granted the second and fifth, modified and granted as modified the first, fourth and sixth and rejected the third.    The defendants' counsel submitted seven prayers of which the Court granted the second, third and seventh, modified and granted as modified the fourth and fifth and rejected the first and sixth.    The defendants excepted to the action of the Court in granting the prayers of the plaintiff, in modifying the prayers offered on their behalf and in rejecting their prayers that were rejected.    This is the single exception contained in the record.    The first prayer of the defendants asked that the jury be instructed that there was "no evidence in the case legally sufficient to entitle the plaintiff to recover."    There was no error in rejecting this prayer.    There was evidence going to show that the defendants had negligently suffered the road upon which the plaintiff was travelling at he time of the accident to be and remain out of repair, and that the accident that caused the injury to the plaintiff was due tto this condition of the road.    From the testimony recited this is too apparent for further discussion.    In the defendant's fourth prayer the measure of care required of the plaintiff under the circumstances detailed in the prayer by the Court's modification thereof was correctly stated.    There was radical error in the defendant's fifth prayer as submitted, as respects the part thereof that was eliminated therefrom by the Court. "Opportunity for avoiding the danger by another convenient

route or routes known or from the evidence reasonably believed to be known" to the plaintiff was not proper to be put to the jury as matter affecting his right to recover.    The road upon which the plaintiff was travelling was not impassable and not in such condition that accident must necessarily result from an attempt to use it.    The plaintiff had a right to use it and was justified in so doing.    All that the law exacted of him was that he should use it with due care ; and if the jury found that he was so using it ; and that he did not by his own negligence directly contribute to the happening of the accident that produced his injury while so using it then in the language of this Court in the case of *County Commrs. of Calvert Co.* v. *Gibson*, 36 Md. 229, "it is no excuse for the defendants  *  *  * to say that another road could have been travelled without accident." No other consideration need be mentioned in support of the action of the trial Court in regard to this fifth prayer though there are others, as the evidence is here, that would be sufficient to justify such action.    The sixth prayer of the defendants stated a mere abstract proposition and was not warranted by the state of the evidence in this case.    We have been pointed to no errors in the action of the trial Court upon the prayers granted upon behalf of the plaintiff and we think they correctly state the law as applicable to the facts of this case.

It appears from the record that there was a failure to enter in the case a joinder of issue upon the plea of the defendant; and after verdict there was, based on this omission, a motion in arrest of judgment on behalf of the defendants ; and after judgment a motion to strike out the judgment.  Both of these motions were properly overruled by the Court below.    The too prevalent inattention to the rules of good pleading is not to be encouraged.    An observance of these rules tends to clearness and percision in presenting questions for adjudication, and to intelligent dispatch in disposing of them.    Their violation ought not to be treated with any undue leniency by the Courts.    But, in the absence of some imperative requirement of the law, there ought to be no rigid application of them in

matters purely technical and formal in cases where their strict enforcement can serve no other purpose than to defeat or embarrass litigants and cause them delay and expense in pursuing their remedies in the Courts.    Here it is not pretended that the defendants suffered any injury from the omission which is the subject of these motions, or were deprived of any right or put to any disadvantage in the trial of the case ; or were in any way prevented from making as full and complete a defense under their plea as if the omission in question had not been made.    The issue to be tried by the jury was made plain and distinct by the pleadings as they stood.    There was but one count in the *narr.* making affirmation of the ground of the action.    This was a particular act of negligence on the part of the defendants, who by their plea denied that the act was committed as alleged.    The case was thus in substance and effect put as definitely at issue as if the plea had been followed by the entry of issue joined ; and both parties proceeded with the trial upon the single issue that the case presented.    In such a state of case the defendants ought to be held to have waived the formal entry of the *similiter* or or " issue joined. "    Indeed in the circumstances mentioned the entering of the *similiter* may well be regarded as matter of form only, and within the provision of our statute that " no judgment shall be arrested or set aside for any omission of mere matter of form " (Art. 75 sec. 9, Code) ; and this view seems to have authority to support it.    In the case of *Dermott* v. *Wallach*, 1 Black, (U. S.) 96, the plaintiff sued in replevin.    The defendant pleaded as follows : " that the goods. and chattels in the declaration mentioned, are not the property of the said plaintiff and of this she puts herself upon the country."    The defendant further avowed for rent in arrear.    To the avowry the plaintiff replied " *riens en arriere;*" but did not formally join issue on the plea of property by putting in a *similiter*.    The jury found a special verdict that there was rent in arrear, etc., but did not render a verdict on the plea of property.    For this the judgment was reversed.    JUSTICE. NELSON in delivering the opinion of the Court said: " It

appears the *similiter* was not added to the plea of property; but this is now regarded as matter of form, and its omission does not affect its validity. "   The cases referred to on behalf of the appellants in support of the contention made by them upon the motions now being considered were altogether unlike the case at bar, in that they were not cases where nothing remained to be done as the pleading called in question except the mere formal entry of a *similiter.* -

For the reasons stated the judgment of the Court below will be affirmed.

*Judgment affirmed with costs to the appellee.*
(Decided March 7th, 1901.)