# BALTIMORE ASPHALT BLOCK AND TILE COMPANY *v*. GEORGE B. KLOPPER.

*Negligence of Street Contractor—Undermined Sidewalk—Contributory Negligence.*

That a contracting company engaged in repairing a street, having removed the curbing so as to cause the earth to fall away under the edge of the sidewalk, thus left without support, failed to place any temporary supports for the sidewalk, or any barriers or warning signs, *held* to justify a finding of negligence, in an action by one injured when he stepped on the edge of the sidewalk, which gave way.                          pp. 532, 533

In order that an objection to a prayer, as submitting a question of law to the jury, or as not supported by the evidence, may be heard on appeal, special exceptions must be taken and the specific ground of objection set forth at the time the objection is made; and the special exceptions must be incorporated in the bill of exceptions.                          p. 533

To justify the direction of a verdict for defendant on the ground of plaintiff's contributory negligence, his act alleged to be negligent must be of such a decisive and prominent character as to leave room for reasonable minds to differ.          p. 534

The fact that the bed of a street was torn up for the purpose of repairs, and the curbing removed, was not a sufficient warning of danger to render one guilty of negligence, as matter of law, because, when passing from a wagon in the street and about to step on the edge of the sidewalk, which was in use by pedestrians, he failed to stoop down and look whether the earth thereunder, by which it was supported, had fallen away as a result of the removal of the curbing.                          pp. 533-536

*Decided March 22nd, 1927.*

Appeal from the Superior Court of Baltimore City (ULMAN, J.).

Action by George B. Klopper against the Baltimore Asphalt Block and Tile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., and URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James A. Latané,* with whom were *France, McLanahan & Rouzer* on the brief, for the appellant.

*Edwin T. Dickerson* and *Max Sokol,* with whom was *Harry W. Nice* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The appeal in this case is from a judgment of the Superior Court of Baltimore City, rendered against the defendant in an action for personal injuries, alleged to have been occasioned through the negligence of the defendant. The record contains but one bill of exception, and this is to the ruling of the court in granting the first and second prayers of the plaintiff (appellee here), and refusing the first, second, third, fifth and seventh prayers of the defendant (appellant here).

The appellant is a corporation, and at the time of the alleged accident was engaged in the business of repairing and repaving streets and roadways, and had a contract with the State Roads Commission for work to be done along Milton Avenue in the City of Baltimore from McElderry Street to North Avenue, a distance of approximately one mile. The work consisted in removing the cobblestones with which the bed of the street had been paved, taking out the curbing, repaving the street with sheet asphalt on a concrete base, and recurbing it. In recurbing the appellant was to use either the old stone curbing or new concrete curbing, as directed by the engineer in charge of the work. In the course of performing the contract, the appellant removed the cobblestones in a block on Milton Avenue extending from Monument Street northward, on or about June 12th, 1925, taking out the old curbing from this block from June 13th

to 15th, 1925.   The testimony on this latter point is conflicting, the appellee fixing the date of the accident as June 23rd, 1925, and stating that the old curbing in this block was taken out the day before the accident.   This conflict becomes immaterial in view of the manner of presentation of the question to this Court, because the jury was entitled to believe the testimony of the appellee on this point if they saw fit.   After the removal of the cobble and gutter stones, the old curbstone was removed by inserting crowbars between the curbstone and the cement pavement of the sidewalk, prying the curbstone out into the street, where it was lying at the time of the accident, about two feet from the cement sidewalk; that is, the old curbing at the time of the accident was lying flat in the bed of the street, the edge nearest the pavement being about two feet distant therefrom, and there being an excavation, caused by the removal of the curbstone, of from eighteen inches to two feet in depth, between the edge of the sidewalk and the removed curbstone. The width of the old curbstone, as lying in the street, was about two feet.   At the time of removing the old curbing by the appellant's employees, there was caused a falling away of the earth directly under the edge of the cement sidewalk, extending back under the sidewalk for a distance variously testified to as being from three to six inches.   Pedestrians were using the sidewalk along the Milton Avenue side of the plaintiff's property, and there were no guards or ropes along the edge of said sidewalk, and no warning signs of any kind.

The appellee occupied a restaurant at the northwest corner of Milton Avenue and Monument Street, with entrances on both streets.   On the day of the accident a vendor of crabs drove his wagon into Milton Avenue, and stopped opposite the appellee's entrance on that street, and directly alongside of the curbing which had been removed and was then lying in the street; thus placing the wagon about four feet from the edge of the cement sidewalk, two feet of this space being taken up with the flat curbstone lying in the street, and two feet from the inner edge of this flat curbstone to the edge of

the cement sidewalk, within which latter two feet was the excavation caused by the removal of the curbstone. The driver of the wagon went into the appellee's place of business through the Milton Avenue entrance for the purpose of selling crabs, and wanted the appellee to go out and look at them. The appellee complied with this request, and went out of the Milton Avenue entrance, stepping from the pavement to the flat curbing lying in the street, and thence onto the wagon, for the purpose of examining the crabs. After making a purchase and directing the driver to bring the crabs into his place of business, the appellee stepped back from the wagon to the flat curbstone, thence to the edge of the cement sidewalk. In doing so he placed his foot on the edge of the cement pavement, which gave way, resulting in a fall by which the appellee's arm was broken. The record discloses that the appellee had no knowledge of the dangerous condition of the pavement, which at the point of the accident is about seven feet wide and was cracked along the edge adjacent to the street; that subsequent to the accident an examination disclosed that the supporting earth beneath the pavement had been removed or had fallen away; that after the accident the appellee went out to the place to see what had made him fall, and standing on the pavement and stooping over, he was able to see that the cement at that point was undermined.

The appellant makes three principal contentions in this case: First, no negligence shown on the part of the appellant; second, the risk was assumed by the appellee; and third, the appellee was guilty of contributory negligence. We will consider these in the order named.

The appellant was engaged in repaving and recurbing the street at the point of the accident, and in the course of this work there was caused by the removal of the curbstone, or the manner in which it was removed, an excavation extending under the edge of the cement sidewalk from three to six inches. This left unsupported a portion of the sidewalk, which, upon the appellant stepping thereon, broke or gave way, causing the appellant to fall and resulting in the injury complained of. It was incumbent upon the appellant to know

that this danger existed, for the reason that the excavation
was caused by its employees, and either to have put such
temporary supports thereunder as to make it safe for pedes-
trians, or to have erected barriers of some kind sufficient to
warn those passing along and over the sidewalk of the hidden
danger due to the excavation. The appellant failed to take
either of these precautions, and its failure was the proximate
cause of the accident. The sidewalk, and every part thereof,
was open for use by pedestrians, and was, about the time of
the accident, being used by pedestrians. Any one walking
along or across this sidewalk was entitled to rely upon its
safety, and if he was injured by reason of the hidden danger,
the existence of which was known or should have been known
by the appellant, there is sufficient evidence upon which a
jury may find primary negligence.

The plaintiff's first prayer, under the facts of this case,
properly submitted the question of appellant's negligence to
the jury. There are objections made to the form of this
prayer on the ground that it submitted to the jury a question
of law, in that it left to them to find that the plaintiff was
lawfully using the sidewalk; and further, that there was no
evidence in the case to support certain statements contained
in the prayer. Under the provisions of section 10 of article
5 of the Code of 1924, in order that such objection may be
heard on appeal, it is necessary that special exceptions be
taken and the specific ground of objection set forth at the
time the objection is made; and the special exceptions must
be incorporated in the bill of exceptions. *Albert v. State,* 66
Md. 334; *Rasst v. Morris,* 135 Md. 259; *Cushwa v. Williams-*
*port,* 117 Md. 314; *Heath v. Michael,* 145 Md. 277; *Kahn*
*v. Carl Schoen Silk Corp.,* 147 Md. 516.

The objections of assumption of risk by the plaintiff, and
his contributory negligence, raise practically the same ques-
tion, which may be stated by the contention of the appellant
that the condition of a street, the bed of which is torn up for
the purpose of making repairs, is a sufficient warning to those
who attempt to use it in that condition, and if they are in-
jured while so using it, they are guilty of contributory neg-

ligence which precludes recovery. In other words, we are asked to say that the fact of the surface of the street and the curb being removed in front of the plaintiff's premises, and that he had knowledge of this condition, is sufficient as a matter of law to preclude recovery, on the ground of contributory negligence. This we are unwilling to do. There are cases in which this court has held that the plaintiff was guilty of contributory negligence as a matter of law, thereby preventing recovery, but the facts as disclosed by the record here do not present such a case. To justify the court in directing a verdict for the defendant on the ground of contributory negligence on the part of the plaintiff, the act of the plaintiff alleged to be negligent must be of such a decisive and prominent character as to leave no room for reasonable minds to differ. In *Burns v. Baltimore,* 138 Md. 582, it was said: "In the vast majority of cases the question of contributory negligence is one for the jury, to be found by them after taking into consideration all of the surrounding facts and circumstances; and this has been repeated over and over again in the adjudicated cases, the usual form being that unless there is some prominent and decisive act in regard to which there is no room for ordinary minds to differ, the case should not be withdrawn from the consideration of the jury." *Lozzi v. Pennsylvania R. Co., ante,* p. 508; *Annapolis v. Stallings,* 125 Md. 343; *Baltimore v. Bassett,* 132 Md. 427; *Balto. & O. R. Co. v. Trainor,* 33 Md. 542; *Balto. & O. R. Co. v. Wiley,* 72 Md. 36. In the last mentioned case the rule is thus stated: "To justify a court in saying that certain conduct is *per se* contributory negligence, the case must present some such feature of recklessness as would leave no opportunity for difference of opinion as to its imprudence in the minds of ordinarily prudent men."

In the case now under consideration, the question of contributory negligence on the part of the plaintiff was submitted to the jury by the defendant's sixth prayer, and it properly stated the law applicable to the facts of this case. There was no such prominent and decisive negligent act on the part of the plaintiff as would justify the court in direct-

ing a verdict for the defendant on that ground.   The sidewalk, and every part of it, was being used by pedestrians. The plaintiff did no more than every pedestrian passing along was entitled to do.   He could not have discovered the danger except by a careful examination, by stooping over and looking for an excavation.   In going out to the wagon he stepped from the sidewalk to the flat curb lying in the street about two feet from the edge of the sidewalk.   He was then about four feet from the edge, standing on the curbstone, an elevation very nearly equal to the sidewalk.   In order to see under the edge of the sidewalk and discover the excavation at that time, it would have been necessary for the plaintiff to have stooped sufficiently to bring his eyes close to the level of his feet.   This would be requiring of the plaintiff greater care than an ordinarily prudent man would exercise under like conditions.   At least, the plaintiff's failure to do this does not constitute such a decisive and prominent act of negligence as would leave no room for reasonable minds to differ, and if it does not, the question should be left to the decision of the jury.

The facts in this case are different and distinguish it from the case of *Duross v. Baltimore,* 136 Md. 56, relied on by the appellant.   The accident in that case, like this, occurred in the day time, but there the injury was occasioned by the plaintiff stepping upon a board laid from the curb to the street, the end of the board resting upon the curb having a portion of it cut out, so that any one stepping upon the board would cause it to turn.   The danger was open and obvious; the unsafe condition of the board was apparent and was bound to be seen by any one attempting to walk upon it and using his senses; the court in its opinion calling attention to the fact that the care necessary to enable one to walk on a board of this width, about twelve inches, would oblige him to see the defect.   Neither did the evidence in that case disclose who was responsible for placing the board in the position it was in at the time of the injury.   In the case now under consideration there can be no question that the exca-

vation under the sidewalk was caused by the appellant; that its presence was unknown to the appellee, and could not be discovered except by unreasonable effort and precaution on his part, which would be more than required of an ordinarily prudent person under the circumstances.

Finding no error on the part of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*