## TRI-STATE ENGINEERING COMPANY *v.*
## WILLIAM W. GRAHAM.

[No. 73, October Term, 1929.]

*Decided January 15th, 1930.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*F. Brooke Whiting,* with whom was *Charles Z. Heskett* on the brief, for the appellant.

Digges, J., delivered the opinion of the Court.

On June 21st, 1928, the appellant was engaged in the work of constructing concrete shoulders on the sides of the state road leading from Hancock to Cumberland, under a contract with the State Roads Commission. The contract covered a distance of about four and a half miles, running from the east foot of Sideling Hill to the town of Hancock. The plan followed in the work is to construct the shoulder, for the full distance covered by the contract, on one side of the road, and, that being completed, to do the same thing on the other side. This method prevents both sides of the road from being obstructed by the work at the same time, thereby affording wider space and greater safety to the traveling public. The road covered by this contract runs generally east and west, and at the time of the accident resulting in injury, for which the judgment appealed from was recovered, the construction of the shoulder on the north side of the road was in progress, having been begun at Sideling Hill and progressing in an easterly direction towards Hancock. The accident occurred on Thursday the 21st of June, and the appellee, a resident of Cumberland, had driven an automobile from that city to Hagerstown on the Monday preceding to attend a convention. He remained in Hagerstown until about ten o'clock Thursday, at which time he, together with two friends, left Hagerstown and proceeded west towards Cumberland, the appellee driving, one of his friends sitting on the front seat, and the other on the rear. There were also some crates of berries and suitcases in the rear of the car. After having passed through

Hancock and proceeding for quite a distance, driving on their right hand or north side of the road, they approached an incline or hill, at the apex of which there was a curve.

According to the testimony of the plaintiff and other occupants of the car, immediately upon their reaching the top of the incline and turning the curve, they were confronted on the north side of the road with what they term a ditch, being the excavation made by the defendant for the purpose of filling in with concrete to form the shoulder of the road. This excavation, according to the witnesses, was from twelve inches to three feet wide at the place of the accident, and twelve inches deep; it had been raining; the surface of the road was wet and slippery, and water running down the ditch. Plaintiff's testimony shows that he first discovered the excavation when the car was within six or eight feet of it, and if his course had been maintained, the car would have run into the ditch; that upon seeing the excavation, and in an attempt to avoid the consequences of running into the ditch, he swerved the car sharply to the left, resulting in the car skidding, turning entirely around, and overturning on its right side facing Hancock; that there was no excavation or preparation for constructing shoulders on the north side of the road from the point of the accident east towards Hancock, and that there were no warning signals or danger signs between Hancock and the point of the accident; that the curve at the top of the hill was to the right, and that the excavation west of the apex of the hill was not visible until within a few feet of it. In addition to the plaintiff, three other witnesses testified in respect to the physical condition of the road from Hancock to the point of the accident, and the absence of warning or danger signs, his two companions in the car, and the driver of a laundry truck immediately behind the appellee's car.

The defendant produced a number of witnesses, who testified that at the time of the accident the excavation for the shoulder on the north side of the road had been made for a distance of about 2,000 feet east of the apex of the hill where the accident occurred, and that, at the end of this excava-

tion, the north side was in process of construction for a further distance of 1,500 feet, this distance having been plowed preparatory to removing the earth. The defendant's witnesses further testified that there were three signs on the right hand or north side of the road, between Hancock and the place of the accident; the first being a stationary sign at the bridge at the western town limits of Hancock; the second being a notice containing a warning of danger, and information that the road was under construction or repair, this notice being on a triangular stand and placed at the east end of the plowed area; and the third sign being of similar construction to the second and placed at the east end of the excavation, which point was about 2,000 feet east of the point of the accident.

The case was tried before a jury and resulted in a judgment for the plaintiff. The appeal is from such judgment.

The only exception which the record contains is in respect to the prayers. The plaintiff offered two prayers, which were granted, and the defendant eight, of which the first five were rejected and the others granted. The first contention made in the appellant's brief is that a contractor engaged in the construction or repair of state roads under contract with the State Roads Commission is not liable in damages for negligence such as here alleged. At the argument in this court this point was abandoned, and is therefore not now before us. The defendant makes no objection to the granting of the plaintiff's prayers, but argues that the court erred in rejecting defendant's first five prayers, each of which, if granted, compelled a verdict for the defendant.

The first of the defendant's rejected prayers was the usual prayer directing a verdict for the defendant for the want of legally sufficient evidence to entitle the plaintiff to recover; and it apparently is not seriously contended that the court erred in not granting this prayer. The mere doing of the work necessary in the construction of these shoulders is not negligence, but if in the course of such construction the road is thereby rendered dangerous to people passing along and

over the highway, there is a legal obligation resting on the contractor to safeguard the traveling public from impending danger, either by warning signs or in some other effective manner. It is true that the plaintiff traveled over this road in the opposite direction three days before the accident, but, other than this, the record does not disclose that he was familiar with the road or the work being done in the construction of the shoulders. Every year there is a great quantity of this kind of construction going on throughout the state; and people in automobiles can traverse hundreds of miles in one day. In our opinion, to hold that every person, who has had an opportunity to observe a state road under repair or reconstruction while driving over the same, should three days thereafter be chargeable with knowledge that a given portion of road is under construction, and that when injury results under such conditions such person is guilty of contributory negligence, would be placing too great a burden upon the traveling public, and one which it should not be required to assume. Certainly it could not be said to be contributory negligence as a matter of law.

To justify a court in saying that certain conduct is *per se* contributory negligence, the case must present some such feature of recklessness as would leave no opportunity for difference of opinion as to its imprudence, in the minds of ordinarily prudent men. In the vast majority of cases the question of contributory negligence is one for the jury, to be found by them after taking into consideration all the surrounding facts and circumstances; and this has been repeated many times in the adjudicated cases, the usual form of expressing the rule being that unless there is some prominent and decisive act in regard to which there is no room for ordinary minds to differ, the case should not be withdrawn from the consideration of the jury. *Burns v. Baltimore,* 138 Md. 582; *Lozzi v. Pennsylvania R. Co.,* 152 Md. 508; *Annapolis v. Stallings,* 125 Md. 343; *Baltimore v. Bassett,* 132 Md. 427; *Balto. & O. R. Co. v. State, use of Trainor,* 33 Md. 542; *Balto. & O. R. Co. v. State, use of Wiley,* 72 Md. 36; *Balto.*

*Asphalt Block Co. v. Klopper,* 152 Md. 529; *Yockel v. Gerstadt,* 154 Md. 188.

The defendant's sixth prayer, which was granted, instructed the jury that if they find from the evidence that the plaintiff knew that the road in question in this case on said hill, over which he was operating his automobile, was under construction before he reached the point of the accident, then in that event he traveled such road at his own risk and peril, and the verdict of the jury must be for the defendant, regardless of whether the signs were there or not; and the defendant's seventh prayer instructed the jury that if they believe from the evidence that the defendant had placed three warning signs along the highway, as testified to in this case, between Hancock and the point where the accident is alleged to have happened, and that the defendant saw or in the exercise of due care and caution could have seen the said warning signals, then the jury is instructed that their verdict must be for the defendant. The defendant's rejected fifth prayer asked the court to instruct the jury that if they found that the plaintiff traveled over this road three days prior to the accident, and that the road was in the same condition then that it was on the day of the accident, that such fact constituted a notice of the condition of the road, and their verdict should be for the defendant.

In *Balto. Asphalt Block Co. v. Klopper, supra,* it was said: "The objections of assumption of risk by the plaintiff, and his contributory negligence, raise practically the same question, which may be stated by the contention of the appellant that the condition of a street, the bed of which is torn up for the purpose of making repairs, is a sufficient warning to those who attempt to use it in that condition, and if they are injured while so using it, they are guilty of contributory negligence which precludes recovery. In other words, we are asked to say that the fact of the surface of the street and the curb being removed in front of the plaintiff's premises, and that he had knowledge of this condition, is sufficient as a matter of law to preclude recovery, on the ground of contributory negligence. This we are unwilling to do. There

are cases in which this court has held that the plaintiff was guilty of contributory negligence as a matter of law, thereby preventing recovery, but the facts as disclosed by the record here do not present such a case." It will be seen that there this court was asked to say that the fact that the plaintiff knew that the street and curb were torn up in front of his premises was sufficient as a matter of law to prevent recovery, on the ground of contributory negligence. This contention was rejected, and it was held that the question of whether, under all the facts and circumstances of that case, the plaintiff had been guilty of contributory negligence, was properly submitted to the jury under instruction.

In the case now under consideration the jury were told that if the evidence convinced them that the plaintiff knew the road was under construction before he reached the point of the accident, he then proceeded at his own risk and peril, and in such event the defendant was not liable. Again, the jury were told that, if they believed from the evidence that the defendant had placed three warning signs along the highway between Hancock and the point of the accident, and that the plaintiff either saw or by the exercise of due care and caution could have seen the said warning signals, their verdict should be for the defendant. These defendant's granted prayers, taken in connection with the plaintiff's first prayer, presented the case to the jury, in so far as the law governing the same is concerned, as favorably to the defendant as he was entitled to have it. What the appellant really is complaining of is that the court did not grant instructions on its behalf which assumed facts to be true as testified to by the defendant's witnesses, but which were flatly contradicted and denied by those on behalf of the plaintiff. The case was properly submitted to the jury under instructions presenting fairly the defendant's theory of the case, and under which the jury, if they believed the defendant's testimony, could have brought in a verdict for it. Finding no error, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*