## COUNTY COMMISSIONERS OF BALTIMORE COUNTY *v.* ROSANA COLLINS.

[No. 74, October Term, 1929.]

*Decided January 15th, 1930.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Elmer J. Cook,* for the appellant.

*J. Howard Murray* and *Bowie & Burke,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The two exceptions in the record on this appeal are principally concerned with the admissibility of evidence, and its legal sufficiency, to prove acceptance by the defendant municipality of a street on which the plaintiff was injured when she stumbled and fell over the elevated edge of a section of concrete paving on the sidewalk.

The accident happened before dawn as the plaintiff was walking with her son along Baltimore Avenue in Dundalk, Baltimore County, on her way to early morning mass. It was proved that the pavement defect which caused her fall had existed for several years, and that a number of pedestrians had stumbled over it during that period. The dislocated section of concrete projected an inch and a quarter at one end above the level of the sidewalk surface. The plaintiff testified that she had often passed along the street before the morning of the accident but had not noticed the irregularity in the pavement, her vision being very poor, and that at the time of her fall she was walking slowly and carefully. It was dark at the place of the accident, the nearest street light being four hundred feet distant.

It is not contended that the evidence was legally insufficient to justify the submission of the case to the jury if a valid acceptance of the street by the defendant was duly proved. While the defendant would not be chargeable as a municipal corporation for injuries resulting from every slight unevenness in the sidewalks of public thoroughfares under its control (*Cordish v. Bloom,* 138 Md. 81), there is a clear and adequate basis for such a liability where, as in this case, a particular defect is shown to have been in fact an impediment to the reasonably safe use of the street, and to have existed so long as to warrant an imputation of notice to the municipality. *Annapolis v. Stallings,* 125 Md. 343. There is, and could be, no contention that the case should have been taken from the

jury on the ground of contributory negligence, as the uncontradicted proof excludes such a theory.

But it is urged that the evidence of acceptance by the defendant of Baltimore Avenue in Dundalk was inadmissible and legally insufficient because the deed by which the street was conveyed to the defendant by the Dundalk Company does not have an acceptance endorsed upon it in accordance with section 506 of the Baltimore County Code of 1916 (now section 595 of the Revised Code of 1929), which provides, in part, as follows: "Whenever any owner of property in Baltimore County shall have opened, laid out or graded any avenue or road for the public convenience, and is willing to dedicate the same to public use by a good and sufficient deed duly recorded, the County Commissioners of Baltimore County are authorized to accept the same if, in their opinion, the same be necessary and convenient for public use, and upon such acceptance, which shall be endorsed upon and recorded with the deed, said avenue or road shall be kept in good order and repair as other county roads."

It appears from the record that the defendant in fact accepted the deed conveying to it Baltimore Avenue and other streets in Dundalk, and by an order bearing the same date granted certain easements in the highways to the conveying corporation. This action was authorized by chapter 597 of the Acts of the General Assembly of 1920. Independently, however, of that specific legislative authorization, it could not properly be held that the defendant should be exempted from the liabilities ordinarily resulting from its actual acceptance and assumed control of a dedicated and conveyed public thoroughfare, merely because it had omitted to make a formal notation of its acceptance as directed by statute. There was consequently no error in the ruling which admitted in evidence, as against the first exception, the deed conveying Baltimore Avenue to the defendant, nor in the refusal to withdraw the case from the jury on the ground we have discussed, to which ruling the second exception refers. For the same reason an instruction granted at the plaintiff's request was not objectionable for failing to prescribe, as condition of

recovery, that acceptance of the street on which the plaintiff received her injury should have been noted on the deed conveying it to the defendant.

The second exception also refers to the rejection of a prayer offered by the defendant on the subject of contributory negligence. The plaintiff's right to recover was partly predicated in her first granted prayer on a finding that in walking along the sidewalk, at the time of the accident, she was "exercising that degree of care which a reasonably prudent person would exercise under similar circumstances." There is nothing in the evidence to neutralize the effect of the affirmative proof supporting such a conclusion. It was not required of the plaintiff, while walking on the sidewalk in the dark, and in ignorance of the condition which caused her injury, to anticipate that the way was not reasonably safe for its appropriate use. As this court said in *Annapolis v. Stallings, supra,* 351; "The streets and sidewalks of the city are for the benefit of all conditions of people; 'and all have a right, in using them, to assume that they are in an ordinarily good condition, and to regulate their conduct upon that assumption. A person may walk or drive carefully in the darkness of the night, relying upon the belief that the corporation has performed its duty, and that the street or walk is not in an unsafe condition.' 4 *Dillon on Munic. Corp.* (5th Ed.), sec. 698. The plaintiff was required under the circumstances in using the sidewalk to exercise only ordinary care. 2 *Shearman & Redfield on Negligence,* sec. 376; *County Commissioners v. Mandanyohl,* 93 Md. 152; *Anne Arundel Co. v. Carr,* 111 Md. 152."

The special form of the contributory negligence prayer offered by the defendant is criticised in the appellee's brief, but apart from such an objection we find no just occasion to reverse the judgment and award a new trial because of the refusal of that prayer, when the undisputed evidence precludes the theory on which it is based.

*Judgment affirmed, with costs.*