## MAYOR AND CITY COUNCIL OF BALTIMORE *v.* EDITH GROSSFELD

[No. 39, October Term, 1937.]

*Decided December 10th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, and MITCHELL, JJ.

*Morris A. Baker* and *Charles R. Posey, Assistant City Solicitors,* with whom was *R. Lee Marshall, City Solicitor,* on the brief, for the appellant.

*Maurice Glick* and *Lester H. Crowther,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The appeal is here taken by the Mayor and City Council of Baltimore from a judgment recovered for personal injuries sustained by Edith Grossfeld while walking upon a defective public sidewalk of the municipality. Primary negligence in permitting the sidewalk to be in an unsafe condition for some time is admitted, and a reversal is sought on the single contention that contributory negligence is the proximate cause of the injury.

There is testimony tending to prove these facts. The plaintiff is employed and goes to work in the morning by taking a street car at the intersection of Park Heights Avenue and Keyworth Avenue. The general direction of the first street is north and south and of the second street is east and west. The first intersecting street east of Park Heights Avenue and extending in the same direction is Cottage Avenue, and the next parallel street is Greenspring Avenue, on which the plaintiff lives in the fifth house north of Keyworth Avenue. A cement sidewalk, four feet in width, and its southern edge about two and one-half feet north of the curb on Keyworth Avenue, extends, on the north side of Keyworth Avenue, west from Greenspring Avenue all the way to Park Heights Avenue. On the south or opposite side of Keyworth Avenue there is no sidewalk west from Greenspring Avenue to Cottage Avenue, but there is a sidewalk on the

south side west from Cottage Avenue to Park Heights Avenue. The condition of the sidewalks on both sides of the street was bad, but that on the north side was more convenient to the plaintiff, and extended the whole length of her walk on Keyworth Avenue, while the sidewalk on the south side was for but half of the distance.

The accident happened on the sidewalk on the north side of Keyworth Avenue, about midway of the block between Cottage Avenue and Park Heights Avenue. The row of houses on the north side of the street was built on higher ground and with a bank terraced to the level of the sidewalk. At the toe of the slope a hedge ran along the north side of the walk, and between the south side and the curb there was a strip of land for grass. The sidewalk was laid in squares, and at the place of the accident nearly all of the surface of one of the squares had scaled off and, so, had left a rough and uneven face of cement, with some scattered, loose gravel and coarse sand. The defective condition had existed for some time before the accident.

The plaintiff had walked across this rough, uneven, surface for about a year and, except the irregularity seen and experienced, she had been apprised of no danger to be encountered, and had suffered no mishap. These were the conditions under which, on the morning of July 24th, the plaintiff and another woman began to walk together over the described section on their way to get a street car. While so walking the plaintiff's heel came down on a spot which unexpectedly proved to be a soft spot, and thereby the heel sank into a sort of a hole, the ankle turned, and the plaintiff fell forward and injured her right knee and leg. The three photographs introduced in evidence show more clearly and graphically the construction of the cement walk and its condition than the oral testimony.

The testimony tending to prove the facts to be as stated was sufficient to make the case one for the jury. Assuming these facts, the plaintiff was charged with a knowledge of the surface conditions of the sidewalk.

While the section was rough and uneven, as was plain to be seen, and known to her, also, by her frequent use of the way, it was not negligent for her to walk over it, with such reasonable care as an ordinarily prudent person would be expected to exercise under similar conditions. *Calvert County vs. Gibson*, 36 Md. 229; *Prince George's County v. Burgess*, 61 Md. 29, 34, 35; *Allegany County v. Broadwaters*, 69 Md. 533, 535-536, 16 A. 223; *Charles County v. Mandanyohl*, 93 Md. 150, 48 A. 1058; *Prince George's County v. Timmons*, 150 Md. 511, 524, 133 A. 322; *Mosheuvel v. District of Columbia*, 191 U. S. 247, 24 S. Ct. 57, 48 L. Ed. 170; 13 *R. C. L.* 475; 43 *C. J.* sec. 1854, p. 1082. Nor is she chargeable with contributory negligence because she did not foresee that, when she stepped upon this rough cement block, her foot, instead of finding the expected firm footing, would sink at the heel because, underneath the superficial appearance of solidity, there was a soft spot or hole sufficient to cause her to fall and injure her knee and leg. There is not any evidence that, at the time of the accident, she was not using the care and caution of a reasonably prudent person; nor is there any testimony from which it would appear that the presence of the soft spot or hole was known to her or, by the exercise of reasonable care and prudence on her part, would have been discovered by her in time to avert the accident. *Roth v. Highways Commission*, 115 Md. 469, 477-478, 80 A. 1031; *Delmar v. Venables*, 125 Md. 471, 476-477, 94 A. 89; *Vannort v. Chestertown*, 132 Md. 685, 690, 104 A. 113; *Baltimore County v. Collins*, 158 Md. 335, 336, 148 A. 242; *Baltimore v. Poe*, 161 Md. 334, 337-339, 156 A. 888.

The case at bar is to be distinguished from those where the accident was caused by a condition of which the plaintiff was, before the happening of the accident, either aware, or of which she would have been aware as a result of the exercise of reasonable care on her part and, so, she could have avoided the accident, if she had employed the ordinary care expected of a prudent person in the circumstances. *Burns v. Baltimore*, 138 Md. 582,

115 A. 111; *Knight v. Baltimore,* 97 Md. 647, 652, 55 A. 388. The distinction here is that the jury may find that the cause of the accident was not the observable rough, uneven, surface, and the gravel and sand upon it, but the latent soft state of a spot or filled hole in the walk into which the heel of the plaintiff's shoe unexpectedly sank, without any lack of reasonable care and caution on the part of the plaintiff in not discovering nor anticipating the danger thus existing. In this state of the record, the court does not find that the conduct of the plaintiff presents any such prominent and decisive act as would leave no opportunity for difference of opinion, in the minds of ordinarily prudent men, that the negligent conduct of the plaintiff proximately contributed to the occurrence of the accident. *Baltimore v. Bassett,* 132 Md. 427, 104 A. 39; *Vannort v. Chestertown,* 132 Md. 685, 690, 104 A. 113; *Canton Co. v. Seal,* 114 Md. 174, 180, 125 A. 63; *Baltimore Asphalt Block & Tile Co. v. Klopper,* 152 Md. 529, 533, 534, 137 A. 347; *Tri-State Engineering Co. v. Graham,* 158 Md. 332, 148 A. 439; *Baltimore County v. Collins,* 158 Md. 335, 148 A. 242; *Hagerstown v. Hertzler,* 167 Md. 518, 520, 175 A. 447.

The granted prayers submitted the questions of primary and contributory negligence to the jury. *Annapolis v. Stallings,* 125 Md. 343, 93 A. 974.

Finding no error in the rejection of the prayers on the part of the municipality to take the case from the jury on the ground of plaintiff's contributory negligence, the judgment will be affirmed.

> *Judgment affirmed, with costs to the appellee.*

BOND, C. J., dissents.