CLARENCE L. ROBERTSON ET AL. *v.*
SHELL OIL COMPANY ET AL.

[No. 294, September Term, 1976.]

*Decided January 4, 1977.*

The cause was argued before MOYLAN, MENCHINE and MOORE, JJ.

*Clarence M. Thomas*, with whom were *Savage, Jones, Tingle & Schwartzman, P.A.* and *Francis B. Burch, Attorney General, J. Howard Holzer* and *Charles R. Goldsborough, Jr., Assistant Attorneys General,* on the brief, for appellants.

*John F. Wiley* for appellee Shell Oil Company. *James D. Peacock,* with whom were *Pamela P. Wassmann* and *Semmes, Bowen & Semmes* on the brief, for other appellee.

MOORE, J., delivered the opinion of the Court.

Appellant, Clarence L. Robertson, a school bus driver employed by Baltimore County, was injured in a fall after stepping onto an excavated area of a Shell service station owned by appellee, Carroll N. Griffin. Mr. Robertson, his wife and his Workmen's Compensation carrier thereafter filed suit in the Circuit Court for Baltimore County against Mr. Griffin, Shell Oil Company and a third defendant, Petroleum Services, Incorporated, a general contractor employed for the installation of a new tank and pump for unleaded gasoline. Petroleum Services filed a motion for summary judgment on the basis of Mr. Robertson's deposition and a color photograph showing the excavated area adjacent to the pump island where he sustained his injury.[1]

The court below (Turnbull, J.) ruled that Mr. Robertson was contributorily negligent as a matter of law, and from an Order granting summary judgment in favor of all appellees, this appeal has been taken. We conclude that the court erred in its finding and we therefore reverse and remand.

## I

Returning from his daily afternoon run, the appellant

---

1. At the time of the hearing on the motion in open court, Shell Oil Company and Mr. Griffin joined in the motion by oral application.

drove his school bus into the Holabird Shell service station, located at Holabird and Vesper Avenues in Baltimore County, at approximately 4:00 p.m., on October 29, 1970. The appellant, who lived one block from the station, was a regular customer, stopping for gas every 2 to 3 days.

On this particular day, sunny and clear, Mr. Robertson drove his vehicle alongside one of the two service islands, 2 or 3 feet from the island's curb. According to his deposition, he took one stride from the bottom step of the bus directly onto the service island. In doing so, he stepped across an unpaved area, approximately 14 inches in width, where the appellee, Petroleum Services, Inc., had run a pipe underground from a newly-installed storage tank (located on the other side of the service station) to a new pump for unleaded gasoline. The surface over the storage tank had been repaved. The trench for the pipeline — which was nearly 18 feet long — had been filled with dirt, gravel and stones, but had not yet been paved. The photograph, attached to appellees' motion for summary judgment,[2] showed that the filled area was slightly lower than the surrounding concrete pavement. In his deposition, Mr. Robertson testified that he did not notice the unpaved strip either when he drove into the station or when he alighted from the bus.

Appellant remained outside the bus for about five minutes. At one point, he stepped off the pump island and walked towards the front of the bus as the station attendant checked the oil. At no time, according to appellant, did he ever see the unpaved surface. After giving the attendant his credit card, he attempted to proceed back into the bus from the service island. He took one step toward the vehicle, placing his right foot on the unpaved area; he lost his balance and fell forward, sustaining a serious injury to his right leg. He deposed: "Either it gave away with me [sic] or the side of it crumbled when I stepped there and it caused me to pitch forward or stagger."

---

2. A copy of the photograph is appended to this opinion.

Concerning appellant's opportunity to perceive the exposed area, the following colloquy appears in his deposition:

"Q Before you stepped off of the island, did you observe where you were placing your right foot?

A No, I didn't notice anything.

Q Did you look?

A Well, I imagine I did.

Q Do you recall what you saw?

A If I had seen anything I certainly wouldn't have stepped in it."

Finding the area to be an "open and obvious condition which presented danger to anyone who trod upon it" and which the appellant himself considered dangerous, according to his statement, the court held — without passing on the issue of primary negligence — that the appellant was barred from recovery because he was contributorily negligent as a matter of law. The court stated, in part:

"It seems to me, gentlemen, that where there is an open and obvious condition, which a plaintiff *knows or should know is likely to be a dangerous condition, and the plaintiff walks into such condition, either without looking or having looked, nonetheless, stepping into that condition, that under the authorities, it is contributory negligence as a matter of law.* The best that the plaintiff testified to in his deposition with regard to looking was, 'I imagine I looked.' That certainly cannot be taken as affirmative evidence of looking. If, however, it were taken as affirmative evidence that the plaintiff did, in fact, look before he stepped, then he would be guilty of contributory negligence in stepping into *a condition which he himself, by inference at least, considered to be a dangerous condition.*" (Emphasis added.)

## II

As a general proposition, questions of primary and contributory negligence are for the jury. It is equally well recognized that the facts of a given case may establish that a defendant has been guilty of negligence or a plaintiff has been guilty of contributory negligence, as a matter of law. *Southern Maryland Electric, Inc. v. Blanchard*, 239 Md. 481, 485, 212 A. 2d 301, 304 (1965). The vehicle for taking either issue from the jury can be a motion for summary judgment pursuant to Maryland Rule 610, although the Court of Appeals has stated, "[u]sually it is neither advisable nor practicable to enter a summary judgment in a tort action." *Driver v. Potomac Electric Power Co.*, 247 Md. 75, 79, 230 A. 2d 321, 324 (1967).

Where a summary judgment on the issue of contributory negligence is pursued, the law pertaining to the consideration and disposition of such a motion is well settled. The purpose, of course, is not to try the case on the merits. As Judge Smith observed in *Rooney v. Statewide Plumbing, Inc.*, 265 Md. 559, 563, 290 A. 2d 496, 498-99 (1972):

> "The purpose is not to try the case on its merits, but to determine whether any real dispute exists as to any material fact. If the pleadings, depositions, admissions, and affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law, then summary judgment should be granted. If there is a genuine dispute as to any material fact, then it should not be granted. *In reviewing such a motion we must be concerned primarily with deciding whether or not a factual issue exists. Therefore, all inferences should be resolved against the party making the motion.* However, when the moving party has set forth sufficient grounds for summary judgment, the party opposing the motion must show with some precision that there is a genuine dispute as to a material fact." (Emphasis added.)

The motion for summary judgment in the case *sub judice* was based upon the claim that the "filled-in area" where appellant fell was in plain sight and would have been seen by the plaintiff had he been exercising ordinary care for his own safety; and upon his testimony, as set forth in the transcript of his pretrial deposition, that he either "failed to look where he was stepping or looked and did not see what he must have seen had he been exercising ordinary care and caution for his own safety."

In his ruling from the bench at the conclusion of oral argument on the motion, the trial court observed: "The plaintiff himself testified that if he had seen it, he would not have stepped into it. It follows from that, inevitably, that the plaintiff himself considered this condition to be one which presented danger to anyone who might step on to it so that we have an open and obvious condition which presented danger to anyone who trod upon it." The difficulty we experience with the above pronouncement lies, we think, in the court's apparent departure from the requirement that all inferences must be resolved against the party making the motion. It is not, in our judgment, a proper inference from appellant's testimony that there was an existent condition which appellant considered dangerous. We think it more appropriate, and in accordance with the rule, to interpret appellant's statement, "If I had seen anything I certainly wouldn't have stepped in it," not as conceding the existence of a condition which presented danger at the time — but only as an expression of hindsight, after the fact of his serious injury. Simply put, we think there was an open and obvious condition, but whether it "presented danger to anyone who trod upon it" represents a genuine issue of fact having a substantial bearing upon the issue of contributory negligence (and, of course, primary negligence), and that this issue should have been left for determination by a jury. The Maryland cases, and the limited facts before the court in this case on the motion for summary judgment, compel this conclusion.

Before the doctrine of contributory negligence can be successfully invoked, the moving party has the burden of

demonstrating that the injured person failed to use due care to avoid dangers which he actually knows exist from past experience or knowledge of which may be imputed to him because the dangers are so obvious that any ordinarily prudent and cautious person would see and avoid them. *Menish v. Polinger Co.*, 277 Md. 553, 559, 356 A. 2d 233, 237 (1976); *Honolulu, Ltd. v. Cain*, 244 Md. 590, 599, 224 A. 2d 433, 438 (1966); *Texas Co. v. Washington B. & A. Railroad Co.*, 147 Md. 167, 173, 127 A. 752, 755 (1925). To warrant withdrawal of a case from the jury on the grounds of contributory negligence, "the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Reiser v. Abramson*, 264 Md. 372, 378, 286 A. 2d 91, 93 (1972).

We need not belabor the point that there was present in this case an open and obvious *condition*. We recognize that appellant stated in his pretrial deposition that he never saw the excavated area. Whether he had actual knowledge or not is immaterial. The 14-inch wide, filled-in area was in plain view and was certainly within appellant's sight during the five minute interval that he spent on the pump island while his school bus was being serviced. He was therefore chargeable with knowledge of its existence. *Mershon v. Gino's, Inc.*, 261 Md. 350, 357, 276 A. 2d 191, 193 (1971); *Southern Maryland Electric, Inc. v. Blanchard, supra*, 239 Md. at 487, 212 A. 2d at 304; *Sutton v. Mayor of Baltimore*, 214 Md. 581, 585, 136 A. 2d 383, 384 (1957); *Fulton Building Co. v. Stichel*, 135 Md. 542, 549, 109 A. 434 (1920).

This is by no means, however, determinative of the issues involved in this appeal. Of critical importance are the nature of the open and obvious condition and whether, in the light of the attendant circumstances, appellant exercised reasonable care for his own safety. The excavated area abutting the island, where appellant placed his right foot before attempting to re-enter the bus, was not an icy surface, *Eyler v. Adolph Beauty System*, 238 Md. 227, 208 A. 2d 609 (1965); nor a watery surface, *Sugar v. Traub*, 233 Md.

320, 196 A. 2d 869 (1964); nor an uncovered opening, *Rooney v. Statewide Plumbing, Inc., supra.*[3] This case involves a 14-inch wide excavated area awaiting cement. (The record on this appeal does not disclose the period of time the condition existed.) The photograph annexed to the motion for summary judgment shows that the excavated or exposed area immediately adjacent to the gasoline pumps was almost on the same level as the surrounding paved portion, with stones and crushed rock at the surface. We find strikingly appropriate, and compelling, the language of the Court of Appeals in *Ensor v. Ortman,* 243 Md. 81, 92, 220 A. 2d 82, 88 (1966), "whether a reasonably prudent person, under similar circumstances, would have 'stepped slowly' or somehow tested the [area], before entry . . ., were matters properly left for the jury's determination."

In *Ensor,* the court reversed a judgment *n.o.v.* which had set aside a jury verdict in favor of the plaintiff-appellant who sustained injuries when she fell through the floor of the back porch of a rented dwelling. She was aware of a defective condition in the floorboards and had reported to the landlord the need for repairs. The landlord had assented but delayed. Reversing, the Court of Appeals held it did not follow that because she knew of the defective condition and nonetheless used the porch, she was contributorily negligent as a matter of law. There was sufficient evidence from which the jury could properly have found that her use of the porch, known by her to be defective, was not unreasonable under all the circumstances:

> "They could properly have found that she knew
> that the porch was defective but did not know, nor

---

3. In the cited cases, the plaintiffs were held contributorily negligent as a matter of law. There are cases, of course, where despite the presence of an open and obvious danger, the plaintiff is held not contributorily negligent, as a matter of law, because of the existence of circumstances which presented a jury question. *See, e. g.,* Snider v. Senneville, 267 Md. 552, 298 A. 2d 175 (1973) (where the appellant tripped over a tool box which had temporarily been placed by the appellee in appellant's living room); Hutzler Bros. Co. v. Taylor, 247 Md. 228, 230 A. 2d 663 (1967) (where the appellee fell in a depression in the macadam surface of a parking lot stairway); Denbow v. C. & P. Telephone Co., 199 Md. 609, 87 A. 2d 584 (1952) (where the appellant's attention was distracted and he stepped in an unprotected manhole while crossing a narrow public alley.)

would a person of reasonable prudence know, under the circumstances then existing, that *the boards were likely to give way when she walked on them in pursuance of her normal household duties.*" 243 Md. at 89-90, 220 A. 2d at 87.

The court in *Ensor* recognized the absence of testimony by the injured party with respect to precautions taken for her own safety. This absence of such testimony was held "by no means dispositive" because, in establishing the affirmative defense of contributory negligence, the defendant must not only prove that a reasonably prudent plaintiff would have taken certain precautions, he must also prove that the failure to take the suggested precautions was the proximate cause of the injury. Distinguishing cases relied upon by the appellee where dangers were patent, the court held, "But the evidence here does not show that what the plaintiff would have seen, if she had looked, would have reasonably warned her of the impending danger." 243 Md. at 91, 220 A. 2d at 88. The court also held that appellant's failure to look where she was going, as conceded by her, could not be said to have caused her injury as a matter of law.

*Ensor* is, we think, illuminating with respect to the issues involved in the instant case. Here, on the basis of this pretrial summary judgment record, we do not know the precise manner in which appellant sustained his injuries. Conceivably, he stepped on a stone and lost his balance. Hypothetically also, a lack of compaction and the weight of his body caused his heel to sink, thus placing him off balance. Had he looked and observed a stone, he might have avoided it. However, it is unlikely that by looking he could have discovered a soft area. But these, in our judgment, present jury questions and, at the very least, underscore the absence of an adequate factual record upon which a finding of contributory negligence, as a matter of law, could be predicated.

Under the circumstances and conditions that are revealed by the record, we also find persuasive the decision of the Court of Appeals in *Mayor of Baltimore v. Grossfeld,* 173

Md. 197, 195 A. 554 (1937). There, the defendant challenged a jury's verdict for the plaintiff, who had slipped on a defective portion of a sidewalk when she caught her heel on a soft spot. It was contended that the plaintiff was contributorily negligent as a matter of law. The facts revealed that plaintiff had used the sidewalk daily for about a year and that the defective condition, consisting of rough and uneven cement and scattered gravel, had existed for some time. On the day of the accident, the plaintiff's heel "came down on a spot which unexpectedly proved to be a soft spot, and thereby the heel sank into a sort of a hole, the ankle turned, and the plaintiff fell forward and injured her right knee and leg." 173 Md. at 199, 195 A. at 555. The court, in affirming the jury verdict, charged the plaintiff with knowledge of the surface condition of the sidewalk but held that a jury question existed as to whether,

> ". . . the cause of the accident was not the observable rough, uneven, surface, and the gravel and sand upon it, but the latent soft state of a spot or filled hole in the walk into which the heel of the plaintiff's shoe unexpectedly sank, *without any lack of reasonable care and caution on the part of the plaintiff in not discovering nor anticipating the danger there existing.*" (Emphasis added.) 173 Md. at 201, 195 A. at 557.

In similarly affirming a jury verdict in favor of the plaintiff, the Court of Appeals in *Hutzler Brothers Co. v. Taylor,* 247 Md. 228, 230 A. 2d 663 (1967), a case in which the plaintiff tripped on a depression in a step, stated, "The nature of the condition was such that one might have walked across it dozens of times either without noticing it at all or, *if noticing it, without suspecting its harmful potential. . . .*" (Emphasis added.) 247 Md. at 239, 230 A. 2d at 670.

There is no exact test for determining, with respect to the question of contributory negligence, whether a dangerous condition is so obvious that a person of ordinary prudence could see it and appreciate its danger and thus avoid it. The facts of the individual case are controlling. *Miller v. Howard,*

206 Md. 148, 110 A. 2d 683 (1935). A significant factor to be considered is the ability of a reasonable and ordinarily prudent person to anticipate danger. *Sanders v. Williams,* 209 Md. 149, 152, 120 A. 2d 397, 398 (1956). In *Menish v. Polinger Co., supra,* the Court of Appeals, by Judge O'Donnell, in discussing the importance of the element of foreseeability, stated:

> "Thus, in the application of the doctrine of contributory negligence, a critical element is whether or not the plaintiff, chargeable with notice of what a reasonably and ordinarily prudent person would have foreseen, and chargeable with foreseeing what common experience tells may, in all likelihood, occur, took proper precautions for his own safety." (Citations omitted.) 277 Md. at 562, 356 A. 2d at 238.

In the instant appeal, although the appellant is to be charged with knowledge of the existence of the unpaved area when he fell, we are unable to find that his conduct in stepping there was a "prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds," that the appellant was guilty of contributory negligence. We hold that a jury question existed as to whether the appellant exercised the care of a reasonable and prudent person, under the circumstances, and that the motions for summary judgment were improperly granted. In so holding, we make no ruling concerning the issue of primary negligence.

> *Judgment reversed; case re-manded for trial; costs to be paid by appellees.*